B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

## Eastern District Of Pennsylvania

In re Karimah L. McKune,  ) Case No. 25-11494 - amc
Debtor  )
 ) Chapter 7
 )
Karimah L. McKune )
Plaintiff )
 )
v. ) Adv. Proc. No. _____
 )
Greater Philly Management, Co, LLC. )
Defendant )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania
900 Market Street, Ste. 400
Philadelphia, Pa. 19107

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:

Demetrius J. Parrish, Jr., Esquire
7715 Crittenden Street, No. 360
Philadelphia, Pa. 19118

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____ (Deputy Clerk)

B2500A (Form 2500A) (12/15)

# CERTIFICATE OF SERVICE

I, _____(name), certify that service of this summons and a copy of the complaint was made _____(date) by:

❑   Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑   Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑   Residence Service: By leaving the process with the following adult at:

❑   Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑   Publication: The defendant was served as follows: [Describe briefly]

❑   State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____   Signature _____

Print Name: _____

Business Address: _____

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RE: KARIMAH L. MCKUNE | : | BK. NO. 25-11949 – AMC |
| | : | |
| | : | Chapter 7 |
| | : | |
| | : | |
| KARIMAH L. MCKUNE | : | |
| | : | |
| v. | : | |
| | : | |
| GREATER PHILLY MANAGEMENT, CO., LLC | : | |
| | : | |
| | : | |

**COMPLAINT**

Plaintiff, complaining of the Defendant, alleges and says:

**PARTIES**

1. Plaintiff Karimah L. McKune is a resident of Philadelphia, Pennsylvania.

2. Defendant Greater Philly Management, Co. is a Limited Liability Company formed under the laws of Commonwealth of Pennsylvania with a principal place of business at 1518 N. 8th Street, Unit 6, Philadelphia, Pa. 19122.

**JURISDICTION AND VENUE**

3. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001

4. This Court has jurisdiction over the claims raised in this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2).

6. This Court has jurisdiction based on 11 U.S.C. § 101 et. seq., as the claims asserted herein arise under the Bankruptcy Code, are arising in a case

## STATEMENT OF FACTS

7. On March 24, 2025, Plaintiff Karimah L. McKune gave a partial security deposit to Defendant Greater Philly Management, Co. for the apartment at 2039 N. Front Street, Unit 202, Philadelphia, Pa. 19122.

8. Plaintiff was scheduled to move into the apartment on April 18, 2025, but never took possession.

9. On April 14, 2025, Plaintiff contacted Defendant advising that she could not afford the apartment and requested that the partial security deposit be returned.

10. On April 16, 2025, Plaintiff filed for Chapter 7 bankruptcy.

11. On April 18, 2025, a demand was made to Defendant to return the partial deposit as property of the bankruptcy estate.

12. By email, Defendant refused to return the deposit.

## CLAIMS FOR RELIEF

### Count I - Turnover of Property of the Estate in Violation of 11 U.S.C. §542
### (Karimah L. McKune v. Greater Philly Management, Co., LLC.)

13. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

14. Defendant is in possession of the partial security deposit paid by Plaintiff for an apartment in Philadelphia, Pennsylvania.

15. The partial security deposit is part of the Bankruptcy Estate pursuant to 11 U.S.C. §541.

16. The partial security deposit is a liquid asset that can be readily converted to cash.

17. The partial security deposit is property of the bankruptcy estate.

18. Upon filing for Chapter 7 bankruptcy on April 16, 2025, the partial security deposit became property of Plaintiff's bankruptcy estate.

19. Debtor repudiated the lease agreement in her bankruptcy.

20. Debtor demanded the return of the partial security deposit on April 18, 2025.

21. In an email to Debtor's counsel, Defendant refused to turn over the partial security deposit to the bankruptcy estate despite demand.

### Count II - Violation of Automatic Stay 11 U.S.C. 362
### (Karimah L. McKune v. Greater Philly Management, Co., LLC.)

22.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein

23.  The automatic stay went into effect on April 16, 2025, when Plaintiff filed for Chapter 7 bankruptcy.

24. On April 18, 2025, a demand was made to Defendant to return the partial deposit as property of the bankruptcy estate, which provided notice of the bankruptcy filing.

25. Defendant's actions violated the stay.

26. Defendant refused to return the partial security deposit after receiving notice of the bankruptcy filing, which constitutes an exercise of control over property of the bankruptcy estate in violation of the automatic stay.

27. The violation was willful.

28. Despite being informed of the bankruptcy filing and the demand to return the partial security deposit as property of the bankruptcy estate, Defendant willfully refused to comply.

## COUNT III - Violation of 68 P.S. § 250.512
### (Karimah L. McKune v. Greater Philly Management Co., LLC)

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30. After tendering the deposit on March 24, 2025, Plaintiff/Debtor realized that she could not afford to pay the balance of the deposit and notified Defendant that should would not be taking occupancy of the apartment on April 18, 2025.

31. On April 18, 2025, Plaintiff demanded the return of the deposit as she never took possession of the apartment.

32. Defendant was required to return the security deposit pursuant to 68 P.S. § 250.512 but refused to return the deposit.

33. Plaintiff made a demand for the return of her deposit on April 18, 2025 but Defendant refused.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Ordering Defendant to turn over the partial security deposit to the bankruptcy estate;

B. Awarding damages for Defendant's willful violation of the automatic stay;

C. Awarding Plaintiff reasonable attorney's fees and costs incurred in bringing this action pursuant to Pennsylvania law and Bankruptcy law;

D. Awarding double the security deposit pursuant to 68 P.S.§250.512

E. Awarding pre-judgment and post-judgment interest as allowed by law; and

F. Granting such other and further relief as this Court deems just and proper.

Respectfully Submitted:

/s/ Demetrius J. Parrish, Jr.
Demetrius J. Parrish, Jr., Esquire
Attorney for Debtor
7715 Crittenden Street, No. 360
Philadelphia, Pa, 19118
(215) 735 - 3377/(215) 827 - 5420 fax
Email: djpesq@gmail.com